UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
NEWARK DIVISION

| | |
|---|---|
| Yakov Rosenberg, individually and on behalf of all others similarly situated,<br><br>           Plaintiff,<br><br><br><br><br><br>   -v.-<br><br>Pressler, Felt & Warshaw, L.L.P., and John Does 1-25.<br><br>          Defendant(s). | Civil Action No:<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

   Plaintiff Yakov Rosenberg ("Plaintiff") by and through his attorneys, Stein Saks PLLC as and for his Complaint against Defendant Pressler, Felt & Warshaw, L.L.P (hereinafter "PFW"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

   1.  Congress enacted the Fair Debt Collection Practices Act (the "FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to

material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts' does not require 'misrepresentation or other abusive debt collection practices.'" 15 U.S.C. §§ 1692(b) & (c).

2.      Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." Id. § 1692(e). "After determining that the existing consumer protection laws ·were inadequate." Id. § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. Id. § 1692k.

## JURISDICTION AND VENUE

3.      The Court has jurisdiction over this class action pursuant to 15 U.S.C. § 1692 et. seq. and 28 U.S.C. § 2201.  The Court has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides as well as where a substantial part of the events or omissions giving rise to this claim occurred.

## NATURE OF THE ACTION

5.      Plaintiff brings this class action on behalf of a class of New Jersey consumers under §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

6.      Plaintiff is seeking damages and declaratory relief.

## PARTIES

7.      Plaintiff is a resident of the State of New Jersey, County of Hudson, with an address of 316 34th St., Union City, NJ 07087.

8.      Defendant PFW is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address at 7 Entin Rd., Parsippany, NJ 07054-5020.

9.      Upon information and belief, Defendant PFW is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

10.     John Does l-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ALLEGATIONS

11.     Plaintiff brings this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

12.     The Class consists of:

    a.  all individual consumers with addresses in New Jersey;

    b.  to whom Defendant sent a collection letter attempting to collect a consumer debt;

    c.  for which the debt had already become a judgement;

    d.  that failed to include any information regarding the accrual of interest, fees and/or costs associated with a judgment;

e. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (2l) days after the filing of this action.

13. The identities of all class members and sub-class members are readily ascertainable from the records of Defendant and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

14. Excluded from the Plaintiff Class and sub-class are the Defendant and all officers, members, partners, managers, directors and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

15. There are questions of law and fact common to the Plaintiff Class and sub-class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibit A, violate 15 U.S.C. § l692e.

16. The Plaintiff's claims are typical of the class members and sub-class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class and sub-class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

17. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

a. **<u>Numerosity:</u>** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class and sub-class defined above is so numerous that joinder of all members would be impractical.

b. **<u>Common Questions Predominate:</u>** Common questions of law and fact exist as to all members of the Plaintiff Class and sub-class and those questions' predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibit A violate 15 U.S.C. § l692e.

c. **<u>Typicality:</u>** The Plaintiff's claims are typical of the claims of the class members and sub-class members. The Plaintiff and all members of the Plaintiff's Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

d. **<u>Adequacy:</u>** The Plaintiff will fairly and adequately protect the interests of the class members and sub-class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e. **<u>Superiority:</u>** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single

forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

18.    Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class and sub-class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

19.    Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## **FACTUAL ALLEGATIONS**

20.    Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

21.    Some time prior to January 8, 2021, an obligation was allegedly incurred to a creditor, Discover Bank.

22.    Upon information and belief, Discover Bank received a judgment related to the underlying debt.

23.    Upon information and belief, Discover Bank retained Defendant PFW, a Law Firm, to act as their agent in collecting the subject debt from the Plaintiff.

24.    The subject debt arose out of a credit card debt. The subject debt was incurred by Plaintiff solely for personal, household or family purposes.

25.    The Plaintiff is a "consumer" as defined by 15 U.S.C.§ 1692a (3).

26.     The subject obligation is consumer-related, and therefore a "debt" as defined by 15 U.S.C.§ 1692a (5).

27.     Defendant was contracted for the purpose of collecting the subject debt on behalf of Discover Bank. Therefore, Defendant is a "debt collector" as defined by 15 U.S.C.§ 1692a (6).

*Violations – January 8, 2021 Collection Letter*

28.     On or about January 8, 2021, Defendant sent the Plaintiff a collection letter (the "Letter") regarding the alleged debt owed to Discover Bank. (See Letter at Exhibit A.)

29.     The letter states a balance of $11,636.66

30.     Defendant further makes settlement offers relating to the Judgment connected with the referenced balance.

31.     However, Defendant failed to advise the Plaintiff that since this debt has become a judgment, the total amount due will continually increase by the accrual of interest, which began from the date of the entry of judgment and will continue until the judgment is paid.

32.     As a result, the Plaintiff incurred an informational injury as Defendant misstated the balance due by failing to include the fact that interest would continue to accrue from the date of the entry of judgment.

33.     As a result of Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692e *et seq.*

34.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

35.     Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

36.     Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

37.     Defendant violated §1692e:

    a.   As the letter falsely represents the true amount of the debt in violation of §1692e (2); and

    b.   As the letter falsely represents the character and legal status of the debt in violation of §1692e(2)(A); and

    c.   By making a false and misleading representation in violation of §1692e(10).

38.     By reason thereof, Defendant is liable to Plaintiff for judgment in that Defendant conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Yakov Rosenberg, individually and on behalf of all others similarly situated, demands judgment from Defendants PFW, as follows:

1.     Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Raphael Deutsch, Esq. as Class Counsel;

2.     Awarding Plaintiff and the Class statutory damages;

3.     Awarding Plaintiff and the Class actual damages;

4.     Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and

expenses;

     5.     Awarding pre-judgment interest and post-judgment interest; and

     6.     Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

DATED, this 23rd day of April, 2021

                      /s/Raphael Deutsch
                    Raphael Deutsch, Esq.
                    **Stein Saks, PLLC**
                    *Attorneys for Plaintiff*
                    285 Passaic Street
                    Hackensack, NJ 07601
                    (P): (201) 282-6500 ext. 107
                    (F): (201) 282-6501
                    (E) rdeutsch@steinsakslegal.com
                    *Attorneys For Plaintiff*